IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOYCE J. SENNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 1:09cv952-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On June 20, 2011, plaintiff's counsel filed a motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b) seeking $15,250.35 in attorney's fees.[1]  (Doc. # 23). According to plaintiff's counsel, the Social Security Administration withheld $15,250.35 from the plaintiff's award of past due benefits for payment of attorney's fees which represents 25 percent of the past due benefits awarded.  (Doc. # 23, Pl's Mot., at 1 fn. 1). Plaintiff's counsel requests the full amount withheld, $15,250.35, which is 25% of the amount of past-due benefits.  The plaintiff's counsel was previously awarded $2,343.75 in fees under the Equal Access to Justice Act ("EAJA").  Plaintiff's counsel represents to the court that he will refund to the plaintiff the amount of fees previously awarded to him under

---

[1] On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney.  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").  Consequently, it is the plaintiff and not plaintiff's counsel, who is seeking an award of attorney's fees.

the EAJA.  Ultimately, plaintiff's counsel would receive $12,906.60[2] in fees pursuant to 42 U.S.C. § 406(b).  The United States does not object to an award of fees but notes that the amount requested results in an "hourly rate in excess of $800.00 per hour" for 18.75 hours of work.[3]  (Doc. # 25).

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act,  42 U.S.C. §§ 401 et seq., alleging that she was unable to work because of a disability.  Her application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[4]  *See  Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

On February 16, 2009, the plaintiff entered into a contingency fee agreement with counsel in which the plaintiff agreed to payment of attorney's fees in the amount of 25 percent of any past due benefits awarded to her.  (Doc. # 23, Ex. 3).  On October 13, 2009, the plaintiff sought review of the Commissioner's adverse decision pursuant to 42 U.S.C. §§

---

[2]  The Court has done the math for plaintiff's counsel.

[3]  The court has reduced the number of hours sought by 1 hour because time to prepare the fee petition is not compensable under 42 U.S.C. § 406(b).

[4]  Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

405 (g) and 1383(c)(3). (Compl., doc. # 1). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to entry of final judgment by the United States Magistrate Judge. On December 1, 2010, the court remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

On April 28, 2011, the plaintiff was awarded past due disability benefits. The Social Security Administration withheld $15,250.35 from her past due benefits for payment of attorney's fees.

Plaintiff's counsel does not indicate that he has petitioned for an award of attorney's fees for work performed at the administrative level. *See* 42 U.S.C. § 406(a). Nonetheless, this court cannot award fees for work performed at the administrative level.[5] *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002); *Gardner v. Mitchell*, 391 F.2d 582, 583 (5th Cir. 1968).[6] "The statute deals with the administrative and judicial review stages discretely; §

---

[5] 42 U.S.C. 406(b) provides as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was *represented before the court* by an attorney, the court may determine and allow as part of its judgment a reasonable fee *for such representation*, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b) (emphasis added).

[6] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht*, 535 U.S. at 794. *See also Rice v. Astrue*, 609 F.3d 831 (5th Cir. 2010); *McGraw v. Barnhart*, 450 F.3d 493, (10th Cir. 2006).

> This regime recognizes that the Commissioner and the courts operate in different spheres. "The district court ... may consider only court-related services in setting allowable fees for representation before it. On the other hand, Congress has made it equally clear that the authority for setting fees for representation in agency proceedings rests exclusively with the [Commissioner]."

*Rice*, 609 F.3d at 834.

Thus, the court cannot award to the plaintiff's attorney fees for work performed at the administrative level. "[T]he court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *McGraw*, 450 F.3d at 498.

At this juncture, Plaintiff's counsel seeks payment of fees from this court pursuant to 42 U.S.C. § 406(b). Although counsel requested $15,250.35 in fees, because the court cannot compensate him for work performed at the administrative level, the court subtracts $5,300 which is the maximum amount authorized under 42 U.S.C. § 406(a). After deducting the amount of fees which the plaintiff's attorney can seek at the administrative level from the request for fees in this court, $9,950.35 remains for an award of fees. Plaintiff's counsel was previously awarded $2,343.75 under the EAJA. Rather than require plaintiff's counsel to refund that amount to the plaintiff, the court offsets the award of attorney's fees by that amount. *See Jackson v. Comm'r of Soc. Sec.,* 601 F.3d 1268, 1269 (11th Cir. 2010) ("We

conclude that the attorney may offset the earlier award by making a corresponding reduction to [her] 42 U.S.C. § 406(b) fee request."). After the offset, the amount of attorney's fees at issue is $7,606.60.

The question for the court now is whether an award of attorney's fees in the amount of $7,606.60 is reasonable in this case. The plaintiff's counsel asserts that he expended 18.75 hours representing the plaintiff in this court. A fee of $7,606.60, coupled with the previous EAJA award of $2,343.75, results in a total award of $9,950.35 and an hourly rate of $530.68 for work performed in this court.

In *Grisbrecht*, the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court. Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b). However, it is not sufficient for the court to simply accept 25 percent of past due benefits as a reasonable attorney fee.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved.

*Id*. at 808.

"Within the 25 percent boundary . . . *the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.*" *Id.*, at 807 (emphasis added). The burden is on plaintiff's counsel to demonstrate the reasonableness of the requested fee. *Id*. Counsel is seeking $9,950.35 in attorney's fees for 18.75 hours of work over a fourteen month period. In *Gisbrecht*, the court noted that if the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." 536 U.S. at 808. The plaintiff's counsel did not submit to the court his hourly rate for non-contingent fee work, nor did counsel refer this court to any previous awards of fees *to him* for similar work. Moreover, counsel has not argued, and the court does not find, that this case presented any greater risk of loss than the typical Social Security disability case. *See McGuire v. Sullivan*, 873 F.2d 974, 985 (7th Cir. 1989).[7]

The hourly rate of the award would equal $530.68. While this hourly rate is surely not determinative of reasonableness, a comparison of this rate to what counsel would bill for non-contingent fee work or has previously been awarded would be a legitimate indicator of reasonableness. However, the court has nothing before it demonstrating that the amount sought is *reasonable*. Plaintiff's counsel does not even assert that the amount sought is reasonable. (Doc. # 23 at 1).

Of course, the court's judgment about reasonableness must itself be tempered by *Gisbrecht's* conclusion that Congress meant to "contain" and not "outlaw" lawful contingent

---

[7]Cited with approval in *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

fee agreements. Justice Scalia's observation that the *Gisbrecht* opinion does not provide a framework for analysis underscores the difficulty in "making reasonableness determinations" under *Gisbrecht*. While the *Gisbrecht* court notes that district courts perform this function in a wide variety of contexts, the court does not give any context for making these decisions. In the instant case, counsel expended 18.75 hours for which he claims fees in the amount of $9,950.35. Although counsel is experienced in representing Social Security claimants, he provides the court no evidence about how long he has been practicing law in general and representing Social Security claimants in particular. Thus, the court cannot make a determination about whether the amount of time counsel spends on a case will be less than other lawyers who are not as experienced or skilled. Additionally, there is the lack of evidence that this case was exceptional or that there was an increased possibility of loss. Counsel provided the court with no information about the award of benefits on remand. While that time is not compensable in this court, the information would be helpful to the court to determine whether the case was simple or complex, contested or conceded. In short, counsel has not met his burden of giving the court a framework within which to make a reasonable determination. Consequently, the court concludes that counsel has failed to meet his burden of establishing that payment of 25% of the past due benefits would be reasonable under the circumstances of this case.

The court thus concludes that the contingent fee amount should be reduced by 50% resulting in an award of $3,803.30. Counsel will be awarded $3,803.30, which coupled with

the EAJA fee award, represents an hourly rate in the amount of $327.84 which the court concludes is a reasonable attorney fee in this case in light of the hours of work performed over the time period of counsel's involvement. The court reiterates that this reduction is due to counsel's failure to meet his burden of demonstrating the reasonableness of an award of 25% of the past due benefits. Accordingly, it is

ORDERED and ADJUDGED that, pursuant to the 42 U.S.C. § 406(b),

1. The petition for attorney's fees be and is hereby GRANTED to the extent that the contingent fee amount is reduced by (a) $5,300.00 for work at the administrative level; (b) $2,343.75, the amount previously awarded under the EAJA; and (c) 50% of the amount requested. Counsel be and is hereby AWARDED $3,803.30 as a reasonable attorney's fee.

2. The Commissioner shall pay to the plaintiff's attorney $3,803.30 of the amount previously withheld from the plaintiff's past due benefits; and

3. The Commissioner shall pay to the plaintiff $11,447.05 of the amount previously withheld from her past due benefits.

Done this 30th day of August, 2011.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE